UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

MICHAEL STAPLETON,
a/k/a "Mike"

Nos.  13-80201-CR-UNGARO
14-80151-CR-RYSKAMP



FILED by __SP__ D.C.

JUN 0 7 2018

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## AFFIDAVIT IN SUPPORT OF REQUEST FOR EXTRADITION OF MICHAEL STAPLETON

I, Alexandra Chase, being duly sworn, state that:

1. I am a citizen of the United States of America and a resident of the State of Florida. I submit this affidavit in support of the request for the Extradition of Michael STAPLETON ("STAPLETON") pursuant to the U.S.-Germany Extradition Treaty.

2. From 2009 to the present, I have been employed by the United States Department of Justice as an Assistant United States Attorney, since 2012 for the Southern District of Florida. My duties are to prosecute persons charged with criminal violations of the laws of the United States. During my practice as an Assistant United States Attorney, I have become knowledgeable about the criminal laws and procedures of the United States. I have personally represented the United States in numerous criminal cases against persons charged for violations of federal criminal laws.

3. As an Assistant U.S. Attorney for the Southern District of Florida, I am responsible for the preparation and prosecution of criminal cases. In the course of my duties, I have become familiar with the charges and evidence in the case of *United States of America v. Michael Stapleton et al.*, Case No. 13-80201-CR-UNGARO, pending in the Southern District of Florida, and the case of *United States of America v. Michael Stapleton*, 14-80151-CR-RYSKAMP, both of which arose

out of an investigation conducted by Homeland Security Investigations (HSI) and U.S. Border Patrol.

BRIEF SUMMARY OF FACTS

4.      On or about October 17, 2013, STAPLETON, together with two other defendants, was indicted by a federal grand jury sitting in the Southern District of Florida ("the October 17, 2013, indictment"). According to this indictment, and as described in further detail in the affidavit of FBI Special Agent Francisco Quiñones (attached as Exhibit 1), beginning sometime in September 2013 and continuing until on or about September 19, 2013, in the Southern District of Florida, the Bahamas, and elsewhere, STAPLETON and others conspired to encourage and induce an alien to enter the United States.[1] This criminal agreement culminated on or about September 19, 2013, when STAPLETON's co-defendant, Andy Robert Johnson, navigated a boat from the Bahamas to the United States with eleven illegal aliens onboard. The boat landed in Palm Beach County, Florida, where Johnson and the migrants were captured. Subsequent witness interviews established STAPLETON's role in housing the migrants in Freeport, Bahamas while awaiting the right moment for passage via boat to the United States. Multiple witnesses identified a photograph of STAPLETON from a six-person photographic lineup as the person responsible for coordinating and organizing their illegal transportation into the United States.

5.      On or about September 4, 2014, STAPLETON was indicted by another federal grand jury sitting in the Southern District of Florida ("the September 4, 2014, indictment"). According to this indictment, and as described in further detail in the affidavit of FBI Special Agent Francisco Quiñones (attached as Exhibit 1), beginning sometime in November 2012 and

---

[1] According to Title 8, United States Code, Section 1101(a)(3) ("Definitions"), "the term 'alien' means any person not a citizen or national of the United States."

continuing until on or about December 9, 2012, in the Southern District of Florida and elsewhere, STAPLETON and others conspired to encourage and induce an alien to enter the United States. This criminal agreement culminated on or about December 9, 2012, when Ray Pritchard navigated a boat from the Bahamas to the United States with eleven illegal aliens onboard. The boat landed in Palm Beach County, Florida, where Pritchard and the migrants were captured. Subsequent witness interviews once again established STAPLETON's role in housing the migrants in Freeport, Bahamas while awaiting the right moment for passage via boat to the United States. Following his arrest, Pritchard advised authorities of STAPLETON's methods of operating. STAPLETON housed a large number of people, as many as 100, who were awaiting passage to the United States so that they could enter illegally. Pritchard advised that STAPLETON routinely checked the weather on his computer, awaiting the right conditions for the boat passage to the United States. He also instructed Pritchard how to navigate to a particular inlet in Palm Beach County, Florida, and how to avoid detection by law enforcement. Multiple witnesses identified a photograph of STAPLETON from a six-person photographic lineup as the person responsible for coordinating and organizing their illegal transportation to the United States on December 9, 2012. STAPLETON received thousands of dollars from each migrant for organizing their illegal passage to the United States.

6.     The September 4, 2014, indictment also charged that beginning on or about October 5, 2013, through on or about October 10, 2013, in the Southern District of Florida and elsewhere, STAPLETON and others conspired to encourage and induce an alien to enter the United States. This criminal agreement culminated on or about October 10, 2013, when Mackey Cooper navigated a boat from the Bahamas to the United States with eleven illegal aliens onboard. The boat landed in Palm Beach County, Florida, where the migrants were captured. Cooper was

captured on his eastbound return to the Bahamas from the United States. Like the prior incidents, interviews established STAPLETON's role in organizing the transport, from directing the captains to housing the migrants in Freeport, Bahamas while awaiting the right moment for passage via boat to the United States. Following his arrest, Cooper advised that STAPLETON brought him to Freeport, Bahamas, on October 5, 2013, for Cooper to navigate a boat to the United States with migrants onboard that same evening. The boat's outboard motor, however, snapped, and they were not able to make the run that evening. By October 8, the boat was repaired, but Cooper refused to go due to the weather conditions. They left early in the morning on October 8, 2013, when STAPLETON awoke Cooper and forced him to go. Multiple witnesses identified a photograph of STAPLETON from a six-person photographic lineup as the person responsible for coordinating and organizing their illegal transportation to the United States on October 10, 2013. STAPLETON again received thousands of dollars from each migrant for organizing their illegal passage to the United States.

<u>PROCEDURAL HISTORY AND CHARGES</u>

7.     Based on the investigation in this case, on October 17, 2013, a federal grand jury sitting in the Southern District of Florida returned a criminal indictment in this matter, charging STAPLETON with:

  a.     Count 1: conspiring to encourage and induce an alien to enter the United States in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv), an offense under Title 8, United States Code, Section 1324(a)(1)(A)(v)(I), carrying a maximum term of imprisonment of ten years.

  b.     Counts 2 through 12: encouraging and inducing an alien to enter the United States, an offense under Title 8, United States Code, Section 1324(a)(1)(A)(iv) and Title

4

18, United States Code, Section 2, each count carrying a maximum term of imprisonment of five years; and

c.      Count 13: aiding and assisting certain aliens to enter the United States, an offense under Title 8, United States Code, Section 1327 and Title 18, United States Code, Section 2, carrying a maximum term of imprisonment of ten years.

8.      Based on the investigation in this case, on September 4, 2014, a federal grand jury sitting in the Southern District of Florida returned a criminal indictment in this matter, charging STAPLETON with:

a.      Counts 1 and 2: conspiring to encourage and induce an alien to enter the United States in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv), an offense under Title 8, United States Code, Section 1324(a)(1)(A)(v)(I), carrying a maximum term of imprisonment of ten years.

b.      Counts 3 through 24: encouraging and inducing an alien to enter the United States, an offense under Title 8, United States Code, Section 1324(a)(1)(A)(iv) and (v)(II), and Title 18, United States Code, Section 2, each count carrying a maximum term of imprisonment of five years; and

c.      Counts 25 through 46: bringing and attempting to bring an alien into the United States for commercial advantage and financial gain, an offense under Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2. The first and second violations of this statutory section carry a mandatory minimum term of imprisonment of three years, and a maximum term of imprisonment of ten years. Any other violations carry a mandatory minimum term of imprisonment of five years, and a maximum term of imprisonment of fifteen years; and

5

d. Count 47: aiding and assisting certain aliens to enter the United States, an offense under Title 8, United States Code, Section 1327, and Title 18, United States Code, Section 2, carrying a maximum term of imprisonment of ten years.

9. An indictment is a formal accusation or charging document issued by a grand jury, which is a part of the judicial branch of the U.S. government. A grand jury consists of 16 to 23 citizens impaneled to review evidence of crimes presented to it by U.S. law enforcement authorities. Each member of the grand jury must review the evidence presented and determine whether there is sufficient reason to believe that a crime has been committed and that it is likely that the defendant committed the crime. The grand jury may return an indictment charging the defendant with a crime only if at least 12 grand jurors determine that there is probable cause to believe that the defendant committed the crime. It is the practice of the United States District Court for the Southern District of Florida to retain the originals of all indictments and warrants of arrest. Therefore, I have obtained authenticated copies of the indictments from the Clerk of Courts and have attached them to this affidavit as Exhibits 2 and 3, respectively.

10. After an indictment is returned, the court will typically issue a warrant for the arrest of the defendant. On October 17, 2013, based on the October 17, 2013, indictment filed by the grand jury and with the approval of the United States District Court for the Southern District of Florida, U.S. Magistrate Judge James M. Hopkins signed an arrest warrant for MICHAEL STAPLETON. Although the Federal Rules of Criminal Procedure contemplates that upon indictment, the clerk of the court will sign arrest warrants, it is the practice in the Southern District of Florida, West Palm Beach Division, for the magistrate judges to sign the arrest warrant upon indictment. Magistrate judges are authorized by Title 28, United States Code, Section 636, and the Federal Rules of Criminal Procedure to sign arrest warrants. The October 17, 2013 arrest warrant

6

is valid and executable. On September 4, 2014, based on the September 4, 2014, indictment filed by the grand jury and with the approval of the United States District Court for the Southern District of Florida, U.S. Magistrate Judge William Matthewman signed an arrest warrant for MICHAEL STAPLETON. That arrest warrant is valid and executable. It is the practice of the United States District Court for the Southern District of Florida to retain the original arrest warrant and file it with the records of the court. I have obtained copies of the warrants from the clerk of the court and attached them to this statement as Exhibits 4 and 5, respectively.

Applicable Statutes

11.     The statutes cited in the indictment and those applicable to this case are: Title 8, United States Code, Sections 1101, 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(I) and (II), 1324(a)(2)(B)(ii), and 1327; and Title 18, United States Code, Section 2. Violations of these statutes are felonies under U.S. law. Each of these statutes was the duly enacted law of the United States at the time that the offense was committed, at the time the indictment was filed, and are now in effect. The relevant portions of these statutes are attached as Exhibit 6.

The Conspiracy Offenses

12.     Under United States law, a conspiracy is an agreement to commit one or more criminal offenses. The agreement on which the conspiracy is based need not be expressed in writing or in words, but may be simply a tacit understanding by two or more persons to do something illegal. Conspirators enter into a partnership for a criminal purpose in which each member or participant becomes a partner or agent of every other member. A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the identities of all the other members of the conspiracy. If a person has an understanding of the unlawful nature of a plan and knowingly and willfully agrees to it, joining in the plan, he is guilty

of conspiracy even though he did not participate before and may play only a minor part. A conspirator can be held criminally responsible for all reasonably foreseeable actions undertaken by other conspirators in furtherance of the criminal partnership. Moreover, because of this partnership, statements made by a conspirator in the course of, and while he is a member of, the criminal conspiracy are admissible in evidence not only against that conspirator, but also against all other members of the conspiracy. This is so because, as stated earlier, a conspirator acts as an agent or representative of the other conspirators when he is acting in furtherance of their illegal scheme. Therefore, statements of conspirators made in furtherance of the conspiracy may be deemed to be the statements of all conspirators.

13.     The crime of conspiracy is an independent offense, separate and distinct from the commission of any specific "substantive crimes." Consequently, a conspirator can be found guilty of the crime of conspiracy to commit an offense even where the substantive crime that was the purpose conspiracy is not committed, as long as there was an agreement to commit the substantive crime.

14.     Count 1 of the October 17, 2013, indictment and Counts 1 and 2 of the September 4, 2014, indictment charge MICHAEL STAPLETON with conspiracy to commit a substantive offense against the United States, specifically, to encourage and induce an alien to enter the United States. Title 8, United States Code, Section 1324(a)(1)(A)(v)(I), makes it illegal to conspire to encourage and induce an alien to enter the United States.

15.     Counts 2 through 12 of the October 17, 2013, indictment, and Counts 3-24 of the September 4, 2014, indictment, charge MICHAEL STAPLETON with encouraging and inducing an alien to enter the United States. In order to prove this crime, the United States must show that the defendant encouraged or induced a person to come to or enter the United States in violation of

law, that such person was an alien, and that the defendant knew or was in reckless disregard of the fact that such person coming to or entering the United States would be in violation of the law.

16.    Count 13 of the October 17, 2013, indictment, and Count 47 of the September 4, 2014, indictment charge MICHAEL STAPLETON with aiding and assisting certain aliens to enter the United States. Title 8, United States Code, Section 1327 makes it illegal to assist an alien who has committed an aggravated felony to come to or enter the United States in violation of the law.

17.    Counts 25 through 46 of the September 4, 2014, indictment charge MICHAEL STAPLETON with bringing and attempting to bring an alien into the United States for commercial advantage and financial gain. This charge is similar to the charge of encouraging and inducing an alien to enter the United States, with the added element that the encouragement and inducement was for the defendant's commercial advantage or private financial gain.

STATUTE OF LIMITATIONS

18.    The statute of limitations on prosecuting these offenses is found in Section 3282 of Title 18, United States Code. Section 3282 of Title 18 states:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found of the information is instituted within five years next after such offense shall have been committed.

19.    With respect to all counts of the first indictment, since the indictment is dated October 17, 2013, the charged offenses of which occurred on dates in September 2013, it was filed within the prescribed five years' statute of limitations. Therefore, this prosecution is not barred by the statute of limitations.

20.    With respect to all counts of the second indictment, since the indictment is dated September 4, 2014, the charged offenses of which occurred on dates in December 2012 and

9

October 2013, it was filed within the prescribed five years' statute of limitations. Therefore, this prosecution is not barred by the statute of limitations.

## IDENTIFICATION

21.    MICHAEL STAPLETON was born in the Bahamas on January 9, 1975, and is a citizen of Jamaica. STAPLETON is described as a black male, approximately 183 centimeters (approximately 6 feet) tall, approximately 100 kilograms (approximately 220 pounds), with black hair and brown eyes. STAPLETON's United States alien registration number is 206236544. Attached as Tab 1 to Exhibit 1 is a photograph of STAPLETON, as further identified by HSI Special Agent Francisco Quiñones in his affidavit.

## LOCATION

22.    According to German authorities, STAPLETON was provisionally arrested on May 23, 2018, in Frankfurt Germany, pursuant to a request from U.S. authorities and is being detained pending his extradition.

## SURRENDER OF PROPERTY

23.    Pursuant to Article 25 of the Treaty, it is requested that any items, relevant to the charged offenses, found in STAPLETON's possession at the time of his arrest be delivered to the United States, if the extradition is granted.

## CONCLUSION

24.    The affidavit of Special Agent Francisco Quiñones, which is attached as Exhibit 1, further details the evidence against STAPLETON. This affidavit and that of Special Agent Francisco Quiñones were sworn to before a U.S. Magistrate Judge legally authorized to administer an oath for this purpose. I have thoroughly reviewed these affidavits, and I attest that this evidence indicates that STAPLETON is guilty of the offenses charges in the Indictment.

25.     Should German authorities require supplementary information in order to grant the extradition, I ask for a reasonable time to provide it in accordance with Article 15 of the U.S.-Germany Extradition Treaty, as amended.

_____
Alexandra Chase
Assistant United States Attorney
Southern District of Florida

Signed and sworn to before me this ___7th___ day of June, 2018, at West Palm Beach, Florida.

_____
The Honorable Dave Lee Brannon
United States Magistrate Judge

**LIST OF EXHIBITS**

Exhibit 1:      Affidavit of HSI Special Agent Francisco Quiñones

                Tab 1: photograph of MICHAEL STAPLETON

Exhibit 2:      Indictment, dated October 17, 2013

Exhibit 3:      Indictment, dated September 4, 2014

Exhibit 4:      Arrest Warrant pursuant to the indictment issued, dated October 17, 2013

Exhibit 5:      Arrest Warrant pursuant to the indictment issued, dated September 4, 2014

Exhibit 6:      List of Relevant Statutes

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

MICHAEL STAPLETON,
a/k/a "Mike"

Nos.  13-80201-CR-UNGARO
14-80151-CR-RYSKAMP

FILED by _SP_ D.C.

JUN 0 7 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

**AFFIDAVIT IN SUPPORT OF REQUEST FOR
EXTRADITION OF MICHAEL STAPLETON**

I, Francisco Quiñones, being first duly sworn on oath, depose and state as follows:

1.      I make this affidavit in support of the request of the United States of America to the Federal Republic of Germany for the extradition of MICHAEL STAPLETON ("STAPLETON"), also known as "Mike."

2.      I am a Special Agent of Homeland Security Investigations ("HSI") and have been so employed for eight years. As a Special Agent of HSI, I investigate violations of U.S. laws, including laws prohibiting alien smuggling and drug smuggling.

3.      In my capacity as an HSI Special Agent, I am assigned to and responsible for the investigation that resulted in the indictment and issuance of an arrest warrant on October 17, 2013, for STAPLETON in *United States of America v. Michael Stapleton et al.*, 13-80201-CR-UNGARO, pending in the U.S. District Court for the Southern District of Florida. I am also assigned to and responsible for the investigation that resulted in the indictment and issuance of an arrest warrant on September 4, 2014, in *United States of America v. Michael Stapleton*, 14-80151-CR-RYSKAMP. I have participated in this investigation and I am familiar with the facts and evidence in the case.

4. The information contained in this affidavit is based, in part, on my personal knowledge and observations during the course of this investigation, information provided to me by other law enforcement agents, and a review of various documents and records. Additionally, this affidavit is based upon my training and experience as well as that of other law enforcement agents working with me in this investigation. The dates listed in the affidavit should be read as "on or about" dates. This affidavit is intended to show that there is sufficient evidence for extradition and does not purport to set forth all of the information about which I, or collectively, the other law enforcement agents involved in this investigation, have regarding this investigation and criminal case.

5. Based on the investigation in this case, on October 17, 2013, a federal grand jury sitting in the Southern District of Florida returned a criminal indictment in this matter, charging STAPLETON with:

     a. Count 1: conspiring to encourage and induce an alien to enter the United States in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv), an offense under Title 8, United States Code, Section 1324(a)(1)(A)(v)(I), carrying a maximum term of imprisonment of ten years.

     b. Counts 2 through 12: encouraging and inducing an alien to enter the United States, an offense under Title 8, United States Code, Section 1324(a)(1)(A)(iv) and Title 18, United States Code, Section 2, each count carrying a maximum term of imprisonment of five years; and

     c. Count 13: aiding and assisting certain aliens to enter the United States, an offense under Title 8, United States Code, Section 1327 and Title 18, United States Code, Section 2, carrying a maximum term of imprisonment of ten years.

6. Based on the investigation in this case, on September 4, 2014, a federal grand jury sitting in the Southern District of Florida returned a criminal indictment in this matter, charging STAPLETON with:

a. Counts 1 and 2: conspiring to encourage and induce an alien to enter the United States in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv), an offense under Title 8, United States Code, Section 1324(a)(1)(A)(v)(I), carrying a maximum term of imprisonment of ten years.

b. Counts 3 through 24: encouraging and inducing an alien to enter the United States, an offense under Title 8, United States Code, Section 1324(a)(1)(A)(iv) and (v)(II), and Title 18, United States Code, Section 2, each count carrying a maximum term of imprisonment of five years; and

c. Counts 25 through 46: bringing and attempting to bring an alien into the United States for commercial advantage and financial gain, an offense under Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2. The first and second violations of this statutory section carry a mandatory minimum term of imprisonment of three years, and a maximum term of imprisonment of ten years. Any other violations carry a mandatory minimum term of imprisonment of five years, and a maximum term of imprisonment of fifteen years; and

d. Count 47: aiding and assisting certain aliens to enter the United States, an offense under Title 8, United States Code, Section 1327, and Title 18, United States Code, Section 2, carrying a maximum term of imprisonment of ten years.

3

## SUMMARY OF THE FACTS

**October 17, 2013, Indictment**

7.     In the early morning of September 19, 2013, an individual reported to the Palm Beach County Sheriff's Office in Florida that a boat had landed on the beach and that people were running away from it. Palm Beach County Sheriff's Office deputies, U.S. Border Patrol agents, and other local law enforcement ultimately located twelve people within the general vicinity of the abandoned vessel. They determined through questioning that each of the twelve subjects, among whom were five Colombians, three Haitians, two Ecuadorans, and two Bahamians, were in the United States without proper immigration documents.

8.     Based on interviews of these individuals, law enforcement established that the various individuals on the vessel had paid tens of thousands of dollars to be transported illegally to the United States. Each of them had made his or her way to Freeport, Bahamas, where they were housed in a "stash house" by a person identified as either "Mike" or "Michael" by the various witnesses. All of them confirmed that Michael had made them stay in the house, without leaving, and without opening shades or windows. One of the witnesses, however, defied these instructions and looked out a window, where he saw a man (later identified as co-defendant Andy Robert Johnson, who was sentenced to 70 months imprisonment in connection with the scheme) working on a boat in the driveway. Johnson knew that they were there because he came inside to use the restroom and provided them food.

9.     The night before they were captured in the United States, the individuals in the stash house were picked up in a van. While in the van, some of them were told to lie down in the back to avoid being seen. They were transported via the van to a local beach in the Bahamas. At the beach, there was a boat waiting for them, which the witness recognized as the boat he had seen

4

behind the house. Michael was there, waiting to greet the van, and Johnson was waiting on the boat. They left the Bahamas in the middle of the night, without using any lights on the boat during the duration of the trip. There were not enough life jackets on board for all of the passengers. Johnson was identified as having been the captain of the vessel the entire time.

10.     Multiple witnesses identified a photograph of STAPLETON from a six-person photographic lineup as the person who organized their illegal transportation to the United States and housed them in poor conditions in the Bahamas while they awaited passage.

**September 4, 2014, Indictment**

11.     The September 4, 2014, indictment of STAPLETON stems from two separate events.

*December 2012 Events*

12.     United States Border Patrol Agents were among the law enforcement officers dispatched to the scene of a boat that landed in Jupiter, Florida, on December 9, 2012. Upon arriving, law enforcement saw a 22-foot vessel, bearing no legible registration numbers, located on the beach. After a search of the area, the officers located three Colombian males, one Colombian female, and one Brazilian male hiding in the brush, as well as three individuals walking along a road. Through questioning, they determined that all eight individuals were foreign nationals without the proper immigration documents and they were placed under administrative arrest.

13.     Shortly thereafter, the police received a report of an individual attempting to break into a car. The caller, who was the victim of the would-be car burglary, saw the subject get into a green Honda and gave the police the license plate number. Jupiter police department officers stopped the vehicle. The driver claimed to be a U.S. citizen and her 11-year-old daughter was in the vehicle with her. The other three passengers admitted to being foreign nationals without proper

5

immigration documents to enter or remain in the United States. They were all placed under administrative arrest. Early on December 10, 2012, local police officers located two more individuals, who, through questioning, were also part of the boat landing. They were placed under administrative arrest.

14.     Through subsequent interviews of these individuals, it was determined that Clifton McDonald and Ray Pritchard were the captain and co-captain, respectively, of the aforementioned vessel. Based on interviews of them by law enforcement, as well as some of the individuals whom were smuggled as to how they entered the United States via the Bahamas, U.S. authorities learned the following.

15.     In November 2012, Pritchard, a native of Bimini Island, Bahamas, and who knew the mechanics of boating, was introduced to STAPLETON, who offered Pritchard $20,000 to smuggle aliens into the United States twice a week. Pritchard agreed. According to Pritchard, they returned to Freeport, where STAPLETON took Pritchard to a stash house in which there was more than 100 people in the house, most of whom were Brazilians due to STAPLETON's connections to Brazilian recruiters, waiting to be smuggled into the United States. STAPLETON brought them food and introduced them to Pritchard as their boat captain as to keep them satisfied that they would soon leave for the United States.

16.     While waiting, Pritchard got close to STAPLETON, and got to know information about his operations. According to Pritchard, STAPLETON had many boats at his disposal in the names of different people who were storing them for him. STAPLETON kept a computer with him, on which he would routinely check the weather. He showed Pritchard a chart of the Jupiter, Florida, inlet, and told Pritchard to head there. STAPLETON said that if Pritchard were observed on radar coming into the inlet, law enforcement would be waiting, so he advised Pritchard to veer

6

away from the inlet to nearby land. STAPLETON gave Pritchard a GPS, which he programmed himself.

17.     They attempted to leave on December 6, 2012, but Pritchard damaged the boat while departing. STAPLETON had McDonald captain the next trip on December 9, 2012, but he asked Pritchard to co-captain the boat and bring it back to the Bahamas. STAPLETON had already paid Pritchard $5,000 for the first, failed trip on December 6, 2012. STAPLETON gave him another $5,000 for the December 9, 2012, trip and told him he would receive another $10,000 when he returned with the boat. For the December 9, 2012, seventeen individuals were smuggled into the United States.

18.     These events were corroborated by witnesses. For example, a Brazilian male, who had arrived in Freeport, identified STAPLETON from a six-person photographic lineup, stating that he paid STAPLETON $4,000 to be smuggled into the United States (later, STAPLETON demanded $2,000 more). That individual spent several weeks in a stash house, and he was onboard the boat during both the December 6, 2012, and December 9, 2012, trips. A Brazilian female reported that after having moved from stash house to stash house in the Bahamas, she eventually found STAPLETON, whom she identified from a six-person photographic lineup, and who charged her $4,000 to go to the United States. She was also on board the December 6, 2012, aborted trip.

*October 2013 Events*

19.     In the morning of October 10, 2013, law enforcement received reports of a vessel dropping off individuals in the ocean near the John D. MacArthur State Park, in North Palm Beach, Florida. Law enforcement responded to the area, and, within a few minutes, had identified and detained eleven individuals, including five Haitians, four Brazilians, and two Ecuadorians.

7

20.     That vessel was tracked by law enforcement as heading east towards the Bahamas, and by midday on October 10, 2013, it was stopped 31 miles east of Palm Beach County. The vessel, bearing Bahamas registration GB0665, was white in color, with a single outboard motor and a canopy top. All eleven of the aliens were questioned about the identity of the boat captain; based on a six-person photographic lineup, five of the individuals confirmed that the individual piloting the boat was Mackey Cooper, and that based on a photo, they identified the boat as the boat that brought them to the United States.

21.     Following his arrest, Cooper admitted that he had captained this vessel and that he had been hired in Freeport by an individual who told him that he could make $20,000 for a smuggling run on behalf of Michael STAPLETON. Cooper indicated that STAPLETON went to Grand Cay, Bahamas, to pick up Cooper, and that STAPLETON brought him to Freeport on October 5, 2013, for a trip that evening. The trip was delayed due to the boat's outboard motor having snapped. The boat was repaired by October 8, but Cooper refused to go, and it was not until October 10, 2013, that Cooper made the run. STAPLETON provided Cooper with a GPS and gave him instructions for the trip, including how to position the boat so that the passengers could disembark onshore without being hurt.

22.     Several of the individuals to be smuggled gave statements in the course of the investigation, which, in part, corroborate these facts. For example, a Brazilian female arrived in Freeport in the summer of 2013. While waiting in a stash house, she was introduced to STAPLETON; her family paid him $6,000 for her to be smuggled into the United States. STAPLETON, whom she knew as "Michael," and whom she identified from a six-person photographic lineup, took her to the boat to depart on October 10, 2013.

8

## IDENTIFICATION AND LOCATION

23.     MICHAEL STAPLETON was born in the Bahamas on January 9, 1975, and is a citizen of Jamaica. STAPLETON is described as a black male, approximately 183 centimeters (approximately 6 feet) tall, approximately 100 kilograms (approximately 220 pounds), with black hair and brown eyes. STAPLETON's United States alien registration number is 206236544.

24.     I have attached a known photograph of STAPLETON at Tab 1 to this affidavit. The photograph was provided to U.S. law enforcement from Dominican Republic authorities and was taken upon STAPLETON's arrest in the Dominican Republic.

25.     Multiple witnesses have identified the person in the attached photograph as the person responsible for arranging their transportation from the Bahamas to the United States. One witness identified the person in the attached photograph as "Mike," and said that he and his brother paid him a total of $2,500 to be brought by boat from the Bahamas to the United States. Another witness identified the person in the attached photograph as "Michael" based on a six-person photographic lineup and indicated that he paid "Michael" $4,000 to be transported illegally by boat from the Bahamas to the United States.

26.     STAPLETON was arrested in Germany on May 23, 2018, pursuant to a provisional arrest request under the Extradition Treaty.

## CONCLUSION

27.     This affidavit has been sworn to before a U.S. Magistrate Judge for the District of Massachusetts, who is a person legally authorized to administer an oath for this purpose.

Francisco Quiñones
Special Agent
Homeland Security Investigations

9

Sworn before me and subscribed in my presence this ⟨7th⟩ day of June, 2018.


The Honorable Dave Lee Brannon
United States Magistrate Judge
United States District Court for the Southern District of Florida

Tab 1: Photograph of MICHAEL STAPLETON



FILED by __TM__ D.C.
ELECTRONIC

Oct 17, 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

# 13-80201-CR-RYSKAMP/HOPKINS
CASE NO. _____

8 U.S.C. § 1324(a)(1)(A)(v)(I)
8 U.S.C. § 1324(a)(1)(A)(iv)
8 U.S.C. § 1327
8 U.S.C. § 1326(a) and (b)(2)
18 U.S.C. § 982(a)(6)

UNITED STATES OF AMERICA

v.

MICHAEL STAPLETON,
    a/k/a "Mike,"
ANDY ROBERT JOHNSON, and
JUAN ALEXANDER VIANA-PATINO,
    a/k/a "Juan Alexander Viena-Patino,"
    a/k/a "Juan Viana,"
    a/k/a "Alex Patino,"

    Defendants.

_____/

### INDICTMENT

The Grand Jury charges that:

#### COUNT 1

Beginning at least as early as in or around September 2013, the exact date being unknown

to the Grand Jury, through on or about September 19, 2013, in Palm Beach County, in the

Southern District of Florida, and elsewhere, the defendants,

MICHAEL STAPLETON,
a/k/a "Mike," and
ANDY ROBERT JOHNSON,

did knowingly and willfully conspire, confederate, and agree with each other and other persons

known and unknown to the Grand Jury, to commit an offense against the United States, that is, to

encourage and induce an alien to come to, enter, and reside in the United States, knowing and in

reckless disregard of the fact that such coming to, entry, and residence is and will be in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv); all in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

## COUNTS 2-12

On or about September 19, 2013, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**MICHAEL STAPLETON,**
**a/k/a "Mike," and**
**ANDY ROBERT JOHNSON,**

did knowingly encourage and induce an alien, as set forth in Counts 2 through 12 below, to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and will be in violation of law:

| Count | Alien |
|-------|-------|
| 2 | **Fidel Antonio Tello-Guzman** |
| 3 | **Francely Arrubla-Alzate** |
| 4 | **Ryswick Valery** |
| 5 | **Alesandro Muneton-Restrepo** |
| 6 | **Wilson Adrian Acevedo-Bedoya** |
| 7 | **Juan Alexander Viana-Patino** |
| 8 | **Anabel Beatriz Jimenez-Benitez** |
| 9 | **Claude Petit-Frere** |
| 10 | **Leslie Bently Cox** |
| 11 | **Charly Johanna Osorio-Jaramillo** |
| 12 | **Olguen Imbert** |

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv) and Title 18, United States Code, Section 2.

## COUNT 13

On or about September 19, 2013, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**MICHAEL STAPLETON,**
**a/k/a "Mike," and**
**ANDY ROBERT JOHNSON,**

did knowingly aid and assist an alien, **JUAN ALEXANDER VIANA-PATINO,** to enter the United States, said alien being inadmissible under Title 8, United States Code, Section 1182(a)(2), as an alien who had been convicted of an aggravated felony, in violation of Title 8, United States Code, Section 1327 and Title 18, United States Code, Section 2.

## COUNT 14

On or about September 19, 2013, in Palm Beach County, in the Southern District of Florida, the defendant,

**JUAN ALEXANDER VIANA-PATINO,**
**a/k/a "Juan Alexander Viena-Patino,"**
**a/k/a "Juan Viana,"**
**a/k/a "Alex Patino,"**

an alien, having previously been removed and deported from the United States on or about May 1, 2012, was found to be in the United States, knowingly and unlawfully, without the Attorney General of the United States or his successor, the Secretary of Homeland Security (Title 6, United States Code, Sections 202(3), 202(4), and 557) having expressly consented to such alien's reapplying for admission to the United States, in violation of Title 8, United States Code, Section 1326(a) and (b)(2).

## FORFEITURE ALLEGATIONS

Upon conviction of any of the violations alleged in Counts 1 through 12 of this Indictment, the defendants, **MICHAEL STAPLETON and ANDY ROBERT JOHNSON,**

3

shall forfeit to the United States any conveyance, including any vessel, vehicle, or aircraft, used in the commission of the violation, and any property real or personal that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the violation, or that is used to facilitate, or is intended to be used to facilitate, the commission of the violation.

Pursuant to Title18, United States Code, Section 982(a)(6).

A TRUE BILL

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
ALEXANDRA HUI
ASSISTANT UNITED STATES ATTORNEY

Certified to be a true and correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court
Southern District of Florida

Date 5-16-2018
Deputy Clerk

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA          CASE NO. _____

vs.

## CERTIFICATE OF TRIAL ATTORNEY*

MICHAEL STAPLETON, a/k/a "Mike,"
ANDY ROBERT JOHNSON, and
JUAN ALEXANDER VIANA-PATINO,
a/k/a "Juan Alexander Viena-Patino," a/k/a "Juan Viana,"
a/k/a "Alex Patino,"

            Defendants.
_____/     **Superseding Case Information:**

**Court Division:** (Select One)          New Defendant(s)          Yes ____   No ____
                                          Number of New Defendants
___ Miami   ___ Key West          Total number of counts
___ FTL   _X_ WPB   ___ FTP

        I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:     (Yes or No)        __Yes__
     List language and/or dialect        __Spanish__

4.   This case will take     _4-5_     days for the parties to try.

5.   Please check appropriate category and type of offense listed below:

     (Check only one)                              (Check only one)

     I     0 to 5 days         _X_          Petty        ____
     II    6 to 10 days        ____         Minor        ____
     III   11 to 20 days       ____         Misdem.      ____
     IV    21 to 60 days       ____         Felony       _X_
     V     61 days and over    ____

6.   Has this case been previously filed in this District Court? (Yes or No)     __No__
     If yes:
     Judge: _____          Case No. _____
     (Attach copy of dispositive order)
     Has a complaint been filed in this matter?   (Yes or No)        __Yes__
     If yes:
     Magistrate Case No.                   13-8424-WM, 13-8425-WM_____
     Related Miscellaneous numbers:        13-8426-WM, 13-8427-WM_____
     Defendant(s) in federal custody as of   9/17/2013_____
     Defendant(s) in state custody as of     _____
     Rule 20 from the _____  District of _____

     Is this a potential death penalty case? (Yes or No)     __No__

7.   Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?     ____ Yes   _X_ No

8.   Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?     ____ Yes   _X_ No

                                             _____
                                             ALEXANDRA HUI
                                             ASSISTANT UNITED STATES ATTORNEY
                                             Court No. A5501746

*Penalty Sheet(s) attached                                        REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:  MICHAEL STAPLETON, a/k/a "Mike"**

**Case No:**

Count #1:

Conspiracy to encourage and induce an alien to enter the United States

Title 8, United States Code, Section 1324(a)(1)(A)(v)(I)

**\*Max. Penalty**: Ten years' imprisonment; $250,000 fine; three years' supervised release

Counts #2-12:

Encouraging and inducing an alien to enter the United States

Title 8, United States Code, Section 1324(a)(1)(A)(iv)

**\*Max. Penalty**: Five years' imprisonment; $250,000 fine; three years' supervised release

Count #13:

Aiding and assisting certain aliens to enter the United States

Title 8, United States Code, Section 1327

**\*Max. Penalty**: Ten years' imprisonment; $250,000 fine; three years' supervised release

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:  ANDY ROBERT JOHNSON**

**Case No:**

Count #1:

Conspiracy to encourage and induce an alien to enter the United States

Title 8, United States Code, Section 1324(a)(1)(A)(v)(I)

**\*Max. Penalty**: Ten years' imprisonment; $250,000 fine; three years' supervised release

Counts #2-12:

Encouraging and inducing an alien to enter the United States

Title 8, United States Code, Section 1324(a)(1)(A)(iv)

**\*Max. Penalty**: Five years' imprisonment; $250,000 fine; three years' supervised release

Count #13:

Aiding and assisting certain aliens to enter the United States

Title 8, United States Code, Section 1327

**\*Max. Penalty**: Ten years' imprisonment; $250,000 fine; three years' supervised release

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:  JUAN ALEXANDER VIANA-PATINO, a/k/a "Juan Alexander**

**Viena-Patino," a/k/a "Juan Viana," a/k/a "Alex Patino"**

**Case No:**

Count #1:

Reentry after deportation

Title 8, United States Code, Section 1326(a) and (b)(2)

**\*Max. Penalty:** Twenty years' imprisonment; $250,000 fine; three years' supervised release

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 14-80151-CR-RYSKAMP/HOPKINS
CASE NO. _____

8 U.S.C. § 1324(a)(1)(A)(v)(I)
8 U.S.C. § 1324(a)(1)(A)(iv)
8 U.S.C. § 1324(a)(2)(B)(ii)
8 U.S.C. § 1327
18 U.S.C. § 982(a)(6)

FILED by __KZ__ D.C.
ELECTRONIC

**Sep 4, 2014**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES OF AMERICA

v.

MICHAEL STAPLETON,
a/k/a "Mike,"

Defendant.

_____/

## INDICTMENT

The Grand Jury charges that:

## COUNT 1

From in or about November 2012, the exact date being unknown to the Grand Jury, through on or about December 9, 2012, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**MICHAEL STAPLETON,**
**a/k/a "Mike,"**

did knowingly and willfully conspire, confederate, and agree with other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to encourage and induce an alien to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and will be in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv); all in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

## COUNT 2

From on or about October 5, 2013, through on or about October 10, 2013, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**MICHAEL STAPLETON,**
**a/k/a "Mike,"**

did knowingly and willfully conspire, confederate, and agree with other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to encourage and induce an alien to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and will be in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv); all in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

## COUNTS 3-24

On or about the dates set forth below with respect to each count, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**MICHAEL STAPLETON,**
**a/k/a "Mike,"**

did knowingly encourage and induce an alien, as set forth in Counts 3 through 24 below, to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and will be in violation of law:

| Count | Date | Alien |
|---|---|---|
| 3 | December 9, 2012 | Jeannot Destine |
| 4 | December 9, 2012 | Cristian Camilo Gil-Puerta |
| 5 | December 9, 2012 | Jose Maria Lino |
| 6 | December 9, 2012 | Mara Yara Lecadio-Rodrigues |
| 7 | December 9, 2012 | Julian Melguizo Botero |

2

| 8 | December 9, 2012 | Valery Melus |
|---|---|---|
| 9 | December 9, 2012 | Jhon Fredy Moreno-Garcia |
| 10 | December 9, 2012 | Steve Anthony Rittie |
| 11 | December 9, 2012 | Diana Marcela Rojas |
| 12 | December 9, 2012 | Wisky Saintil |
| 13 | December 9, 2012 | Jermaine Senior |
| 14 | October 10, 2013 | Venel Albert |
| 15 | October 10, 2013 | Juan Pablo Cabrera-Carrasco |
| 16 | October 10, 2013 | Dana Da Costa-Neves |
| 17 | October 10, 2013 | Silvania De Oliveras Silva Nunes |
| 18 | October 10, 2013 | Miller Honore |
| 19 | October 10, 2013 | Zakari Jean |
| 20 | October 10, 2013 | Michele Leandro-Pacheco |
| 21 | October 10, 2013 | Yvenais Mergilus |
| 22 | October 10, 2013 | Maria Transito Morocho-Guaman |
| 23 | October 10, 2013 | Natasha Pierre |
| 24 | October 10, 2013 | Geicy Viera Souza |

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv) and (v)(II), and Title 18, United States Code, Section 2.

## COUNTS 25-46

On or about the dates set forth below with respect to each count, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

### MICHAEL STAPLETON,
a/k/a "Mike,"

did knowingly bring, and attempt to bring, an alien, as set forth in Counts 25-46 below, to the United States for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that such alien had not received prior official authorization to

3

come to, enter, and reside in the United States, regardless of any official action which might later be taken with respect to such alien:

| Count | Date | Alien |
|---|---|---|
| 25 | December 9, 2012 | Jeannot Destine |
| 26 | December 9, 2012 | Cristian Camilo Gil-Puerta |
| 27 | December 9, 2012 | Jose Maria Lino |
| 28 | December 9, 2012 | Mara Yara Lecadio-Rodrigues |
| 29 | December 9, 2012 | Julian Melguizo Botero |
| 30 | December 9, 2012 | Valery Melus |
| 31 | December 9, 2012 | Jhon Fredy Moreno-Garcia |
| 32 | December 9, 2012 | Steve Anthony Rittie |
| 33 | December 9, 2012 | Diana Marcela Rojas |
| 34 | December 9, 2012 | Wisky Saintil |
| 35 | December 9, 2012 | Jermaine Senior |
| 36 | October 10, 2013 | Venel Albert |
| 37 | October 10, 2013 | Juan Pablo Cabrera-Carrasco |
| 38 | October 10, 2013 | Dana Da Costa-Neves |
| 39 | October 10, 2013 | Silvania De Oliveras Silva Nunes |
| 40 | October 10, 2013 | Miller Honore |
| 41 | October 10, 2013 | Zakari Jean |
| 42 | October 10, 2013 | Michele Leandro-Pacheco |
| 43 | October 10, 2013 | Yvenais Mergilus |
| 44 | October 10, 2013 | Maria Transito Morocho-Guaman |
| 45 | October 10, 2013 | Natasha Pierre |
| 46 | October 10, 2013 | Geicy Viera Souza |

In violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

4

## COUNT 47

On or about December 9, 2012, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**MICHAEL STAPLETON,**
**a/k/a "Mike,"**

did knowingly aid and assist an alien, **STEVE ANTHONY RITTIE**, to enter the United States, said alien being inadmissible under Title 8, United States Code, Section 1182(a)(2), as an alien who had been convicted of an aggravated felony, in violation of Title 8, United States Code, Section 1327 and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATIONS

Upon conviction of any of the violations alleged in Counts 1 through 47 of this Indictment, the defendant, **MICHAEL STAPLETON, a/k/a "Mike,"** shall forfeit to the United States any conveyance, including any vessel, vehicle, or aircraft, used in the commission of the violation, and any property real or personal that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the violation, or that is used to facilitate, or is intended to be used to facilitate, the commission of the violation

Pursuant to Title18, United States Code, Section 982(a)(6).

A TRUE BILL

_____
FOREPERSON

WIFREDO A. FERRER
UNITED STATES ATTORNEY

ALEXANDRA HUI
ASSISTANT UNITED STATES ATTORNEY

Certified to be a true and
correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court
Southern District of Florida
By _____
Deputy Clerk
Date  5-11-2018

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

vs.

MICHAEL STAPLETON,
                            Defendant.
_____/

CASE NO. 14-80151-CR-RYSKAMP/HOPKINS

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

| | |
|---|---|
| Miami _____ | Key West _____ |
| FTL ____ | WPB __X__   FTP ____ |

New Defendant(s)                        YES _____        NO _____
Number of New Defendants              =====
Total number of counts                   _____

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:        (Yes or No)      No
    List language and/or dialect        _____

4.  This case will take        3-5        days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                                                          (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | X | Petty | | |
| II | 6 to 10 days | | Minor | | |
| III | 11 to 20 days | | Misdem. | | |
| IV | 21 to 60 days | | Felony | X | |
| V | 61 days and over | | | | |

6.  Has this case been previously filed in this District Court? (Yes or No)        No
    If yes:
    Judge: _____                          Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?    (Yes or No)        NO
    If yes:    Magistrate Case No. _____                    _____
    Related Miscellaneous numbers: _____
    Defendant(s) in federal custody as of        N/A _____
    Defendant(s) in state custody as of        _____
    Rule 20 from the
    District of

Is this a potential death penalty case? (Yes or No) _____ Yes        __X__ No

7.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?        _____ Yes    __X__ No

8.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?        _____ Yes    __X__ No

_____
ALEXANDRA HUI
ASSISTANT UNITED STATES ATTORNEY
Court No.  A5501746

*Penalty Sheet(s) attached                                                    REV.9/11/07

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:  MICHAEL STAPLETON, a/k/a "Mike"**

**Case No:**  _14-80151-CR-RYSKAMP/HOPKINS_

Counts #1-2:

Conspiracy to encourage and induce an alien to enter the United States

Title 8, United States Code, Section 1324(a)(1)(A)(v)(I)

**\*Max. Penalty**: Ten years' imprisonment; $250,000 fine; three years' supervised release

Counts #3-24:

Encouraging and inducing an alien to enter the United States

Title 8, United States Code, Section 1324(a)(1)(A)(iv)

**\*Max. Penalty**: Five years' imprisonment; $250,000 fine; three years' supervised release

Counts #25-46:

Bringing/attempting to bring an alien into the United States for commercial advantage or financial gain

Title 8, United States Code, Section 1324(a)(2)(B)(ii)

**\*Max. Penalty**: Three to ten years' imprisonment for the first or second violation, and five to fifteen years' imprisonment for any other violation; $250,000 fine; three years' supervised release

Count #47:

Aiding and assisting certain aliens to enter the United States

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

Title 8, United States Code, Section 1327

**\*Max. Penalty**: Ten years' imprisonment; $250,000 fine; three years' supervised release

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

FILED by _____ D.C.

_ _ _ 1 7 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

|  |  |
|---|---|
| United States of America<br>v.<br>MICHAEL STAPLETON, a/k/a "Mike"<br><br><br><br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. *13-80201-CR-Ryskamp/Hopkins* |

## ARREST WARRANT

To:       Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*    MICHAEL STAPLETON, a/k/a "Mike"                                                          ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment       ☐ Superseding Indictment       ☐ Information       ☐ Superseding Information       ☐ Complaint

☐ Probation Violation Petition       ☐ Supervised Release Violation Petition       ☐ Violation Notice       ☐ Order of the Court

This offense is briefly described as follows:

Conspiracy to encourage and induce an alien to enter the United States, in violation of 8 U.S.C. 1324(a)(1)(A)(v)(I)
Encouraging and inducing an alien to enter the United States, in violation of 8 U.S.C. 1324(a)(1)(A)(iv)
Aiding and assisting certain aliens to enter the United States, in violation of 8 U.S.C. 1327

Certified to be a true and
correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court,
Southern District of Florida
By _____
Date  S-17-2024   Deputy Clerk

Date:       10/17/2013

                                                                *James M. Hopkins*
                                                                *Issuing officer's signature*

City and state:       West Palm Beach, Florida                    Steven M. Larimore, Clerk of Court
                                                                *Printed name and title*

| **Return** |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ .<br><br>Date: _____               _____<br>                                                                *Arresting officer's signature*<br><br>                                                                _____<br>                                                                *Printed name and title* |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: MICHAEL STAPLETON, a/k/a "Mike"

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:  Alexandra Hui

Last Known Address: _          ___

      -          ___

      -          ___

What Facility: _____

_____

Agent(s):   CBP Border Agent Scott Stacy
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

AO 442 (Rev. 01/09) Arrest Warrant

## UNITED STATES DISTRICT COURT
for the

Southern District of Florida

FILED by _____ D.C.

SEP 0 4 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| MICHAEL STAPLETON, a/k/a "Mike," | ) | 14-80151-CR-RYSKAMP/HOPKINS |
| *Defendant.* | ) | |

### ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*     MICHAEL STAPLETON, a/k/a "Mike"                              ,

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☐ Complaint

☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

Conspiracy to encourage and induce an alien to enter the United States, in violation of 8 U.S.C. 1324(a)(1)(A)(v)(I)
Encouraging or inducing an alien to come to, enter, or reside in the United States, in violation of 8 U.S.C. 1324(a)(1)(A)(iv)
Bringing in and attempting to bring an alien into the United States for commercial advantage or private financial gain, in violation of 8 USC 1324(a)(2)(B)(ii)
Aiding and assisting certain aliens to enter, in violation of 8 U.S.C. 1327

Certified to be a true and
correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court
Southern District of Florida
By_____
Deputy Clerk
Date S-1-2018

Date:   09/04/2014                                    *William Matthewman*
                                                          *Issuing officer's signature*

City and state:   West Palm Beach, Florida           Hon. William Matthewman, U.S. Magistrate Judge
                                                          *Printed name and title*

| **Return** |
|---|

This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____
at *(city and state)* _____ .

Date: _____                              _____
                                                          *Arresting officer's signature*

                                                          _____
                                                          *Printed name and title*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _14-80151-CR- RUSKAMP/HOPKINS_

### BOND RECOMMENDATION

DEFENDANT: MICHAEL STAPLETON, a/k/a "Mike"

Pre-Trial Detention

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: Alexandra Hui

Last Known Address: The Bahamas

What Facility:

Agent(s): S/A Frank Quinones
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)
HSI

**EXHIBIT 6**

Text of Applicable Statutes

<u>Title 8, United States, Code, Section 1101: Definitions</u>

(a)   As used in this chapter—

…

    (3)   The term "alien" means any person not a citizen or national of the United States.

<u>Title 8, United States Code, Section 1324: Bringing in and harboring certain aliens</u>

(a)   Criminal penalties
    (1)
        (A)   Any person who—

            …

            (iv)   encourages or induces an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law; or

            (v)(I)   engages in any conspiracy to commit any of the preceding acts, or

              (II)   aids or abets the commission of any of the preceding acts,

shall be punished as provided in subparagraph (B).

        (B)   A person who violates subparagraph (A) shall, for each alien in respect to whom such a violation occurs—

            (i)   in the case of a violation of subparagraph … (v)(I) … be fined under title 18, imprisoned not more than 10 years, or both;

            (ii)   in the case of a violation of subparagraph (A)(ii), (iii), (iv), or (v)(II), be fined under title 18, imprisoned not more than 5 years, or both ….

        …

    (2)   Any person who, knowing or in reckless disregard of the fact that an alien has not received prior official authorization to come to, enter, or reside in the United States, brings to or attempts to bring to the United States in any manner

whatsoever, such alien, regardless of any official action which may later be taken with respect to such alien shall, for each alien in respect to whom a violation of this paragraph occurs—

…

(B)      in the case of—

…

(ii)      an offense done for the purpose of commercial advantage or private financial gain ….

…

be fined under title 18 and shall be imprisoned, in the case of a first or second violation of subparagraph (B)(iii), not more than 10 years, in the case of a first or second violation of subparagraph (B)(i) or (B)(ii), not less than 3 nor more than 10 years, and for any other violation, not less than 5 nor more than 15 years.

Title 8, United States Code, Section 1327: Aiding or assisting certain aliens to enter

Any person who knowingly aids or assists any alien inadmissible under section 1182(a)(2) (insofar as an alien inadmissible under such section has been convicted of an aggravated felony) or 1182(a)(3) (other than subparagraph (E) thereof) of this title to enter the United States, or who connives or conspires with any person or persons to allow, procure, or permit any such alien to enter the United States, shall be fined under title 18, or imprisoned not more than 10 years, or both.

Title 18, United States Code, Section 2: Principals

(a)      Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b)      Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

Title 18, United States Code, Section 3282: Offenses not capital

(a)      In General.—

Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.