UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80201-CR-UNGARO/O'SULLIVAN
CASE NO. 14-80151-CR-MIDDLEBROOKS/O'SULLIVAN

UNITED STATES OF AMERICA,

     Plaintiff,

v.

MICHAEL STAPLETON,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Amended Motion to Dismiss Indictment with Prejudice (DE# 94 in Case No. 13-cr-80201-UU, DE# 33 in Case No. 14-cr-80151-DMM, 10/7/18). This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) for a report and recommendation. See Order of Reference to Magistrate Judge (DE# 97 in Case No. 13-cr-80201-UU, 10/10/18); Order of Reference (DE# 38 in Case No. 14-cr-80151-DMM, 10/16/18). Having reviewed the applicable filings and the law, the undersigned respectfully RECOMMENDS that the Amended Motion to Dismiss Indictment with Prejudice (DE# 94 in Case No. 13-cr-80201-UU, DE# 33 in Case No. 14-cr-80151-DMM, 10/7/18) be **DENIED** for the reasons stated herein.

## BACKGROUND

On October 17, 2013, a federal grand jury returned an indictment in the Southern District of Florida charging the defendant with one count of conspiracy to encourage and induce an alien to enter the United States in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I), eleven counts of encouraging and inducing an alien to enter

the United States in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv) and one count of aiding and assisting certain aliens to enter the United States in violation of Title 8, United States Code, Section 1327. See Indictment (DE# 13 in Case No. 13-cr-80201-UU, 10/17/13) (hereinafter "Ungaro Case").

In a separate case, on September 4, 2014, a federal grand jury returned an indictment in the Southern District of Florida charging the defendant with two counts of conspiracy to encourage and induce an alien to enter the United States in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I), twenty-two counts of encouraging and inducing an alien to enter the United States in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv), twenty-two counts of bringing/attempting to bring an alien into the United States for commercial advantage or financial gain in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and one count of aiding and assisting certain aliens to enter the United States in violation of Title 8, United States Code, Section 1327. See Indictment (DE# 1 in Case No. 14-cr-80151-DMM, 9/4/14)(hereinafter "Middlebrooks Case").

On October 29, 2018, the defendant filed motions to dismiss the Indictments in the Ungaro Case and in the Middlebrooks Case. See Amended Motion to Dismiss Indictment with Prejudice (DE# 94 in Ungaro Case, DE# 33 in Middlebrooks Case, 10/7/18) (hereinafter "Motion"). The government filed its response in opposition on October 22, 2018. See United States' Response to Defendant's Motion to Dismiss (DE# 108 in Ungaro Case, DE# 43 in Middlebrooks Case, 10/22/18) (hereinafter "Response"). The defendant filed a reply on October 26, 2018. See Reply to United State[s'] Response (DE# 113 in Ungaro Case, DE# 46 in Middlebrooks Case, 10/26/18)

2

(hereinafter "Reply").[1]

This matter is ripe for adjudication.[2]

## ANALYSIS

The defendant seeks to dismiss the Indictments in the Ungaro Case and in the Middlebrooks Case with prejudice because "only one conspiracy in only one indictment and not three separate conspiracies in two separate cases should have been charged." Motion at 1. The defendant further challenges the conspiracy counts and other counts in both Indictments on multiplicity and duplicity grounds. Id. at 2-4. Additionally, the defendant argues that the conspiracy counts in both Indictments are defective "because [they] do[ ] not identify [all of] the defendant's co-conspirators and [are] therefore missing the necessary elements of the offense." Id. at 5. The defendant also argues that the "aiding and abetting" counts are defective because they fail[ ] to advise the defendant [whether subsection (a) or (b)] applies and therefore do[ ] not advise the defendant of the nature and cause of the accusation." Id. The government maintains that the defendant's arguments are without merit. The undersigned will address these arguments below.

**1.      Multiplicity**

The defendant alleges several instances of multiplicity in the Indictments.

---

[1] The parties filed substantially similar briefs raising the same arguments in the Ungaro Case and in the Middlebrooks Case.

[2] The defendant is represented by counsel. The defendant's pro se filings seeking to amend the instant motions were stricken by this Court. See Order (DE# 110, 10/23/18); see also Paperless Orders Striking Pro Se Filings (DE# 45, DE# 49 in Case No. 14-cr-80151-DMM). Accordingly, the undersigned will not consider the stricken pro se filings in this Report and Recommendation.

"Multiplicity is the charging of a single offense in more than one count." United States v. Langford, 946 F.2d 798, 802 (11th Cir. 1991). The Eleventh Circuit has noted that the problem with multiplicitous indictments are twofold: "A multiplicitous indictment not only subjects the defendant to numerous sentences for one offense, but also 'prejudice[s] the defendant and confuse[s] the jury by suggesting that not one but several crimes have been committed.'" United States v. Williams, 527 F.3d 1235, 1241 (11th Cir. 2008) (quoting United States v. Hearod, 499 F.2d 1003, 1005 (5th Cir. 1974) (per curiam)).[3] For the reasons discussed below, the undersigned does not find that the Indictments in the Ungaro Case and in the Middlebrooks Case are multiplicitous.

   a.   **Charging the Defendant with Conspiracy to Encourage and Induce an Alien to Enter the United States in Multiple Counts**

At the outset, the defendant argues that he was improperly charged in three separate counts in two separate cases with conspiracy to encourage and induce an alien to enter the United States in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I). See Motion at 2-3. The defendant argues that there was only "one conspiracy continuing over time." Id. at 3.

With respect to the conspiracy charge, the government states that the defendant:

is charged, appropriately, in separate counts that identify the separate conspiracies in which he engaged. In count 1 of the Indictment in [the Ungaro Case], the Defendant is charged with a conspiracy "[b]eginning at least as early as in or around September 2013, the exact date being unknown to the Grand Jury, through on or about September 19, 2013" and is charged with conspiring with a specific person, Andy Robert JOHNSON, and others. In counts 1 and 2 of the Indictment in [the Middlebrooks Case],

---

[3] The Eleventh Circuit in Bonner v. City of Prichard, 661 F. 2d 1206, 1207 (11th Cir. 1981) (en banc), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

the Defendant is charged with a conspiracy "[f]rom in or about November 2012, the exact date being unknown to the Grand Jury, through on or about December 9, 2012" and a separate conspiracy "[f]rom on or about October 5, 2013, through on or about October 10, 2013."

Response at 3. Additionally the government argues that even if, arguendo, the defendant was charged in multiple counts with the same conspiracy "multiplicity is not the correct frame of legal analysis because they are separate prosecutions. Rather, the issue would be double jeopardy" which "has not [yet] attached in either case" and "the appropriate remedy would not be [the] dismissal of the entire indictment with prejudice, but [the] dismissal of the extra counts." Id.

In his reply, the defendant argues that:

> The fact that one of the charged conspiracies names an indicted co-conspirator is of no consequence. The unindicted co-conspirators named in the indictments could be the same for all three conspiracies. It is the overall acts of the conspiracy that matter. The defendant is named in all three conspiracies, the method of operation is the same, aliens smuggled by boat from the Bahamas, all three were for profit. The ultimate destination of the illegal aliens is the same (United States). The time period for the illegal conduct is close together.

Reply at 1.

Here, the undersigned finds that the conspiracy counts in the Ungaro Case and in the Middlebrooks Case are not multiplicitous. The Indictments properly charge the defendant with separate conspiracies. Count 1 in the Ungaro Case charges the defendant with:

> Beginning at least as early as in or around **September 2013, the exact date being unknown to the Grand Jury, through on or about September 19, 2013**, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

> **MICHAEL STAPLETON,**

5

**a/k/a "Mike," and
ANDY ROBERT JOHNSON,**

did knowingly and willfully conspire, confederate, and agree with each other and other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to encourage and induce an alien to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and will be in violation of law, in violation of Title 8, United States Code, Section 1324(a)(I)(A)(iv); all in violation of Title 8, United States Code, Section 1324(a)(I)(A)(v)(I).

Indictment (DE# 13) (emphasis added). Counts 1 and 2 of the Indictment in the

Middlebrooks Case charge the defendant with:

## COUNT 1

From in or about **November 2012, the exact date being unknown to the Grand Jury, through on or about December 9, 2012**, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**MICHAEL STAPLETON,
a/k/a "Mike,"**

did knowingly and willfully conspire, confederate, and agree with other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to encourage and induce an alien to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and will be in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv); all in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

## COUNT 2

From on or about **October 5, 2013, through on or about October 10, 2013**, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**MICHAEL STAPLETON,
a/k/a "Mike,"**

did knowingly and willfully conspire, confederate, and agree with other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to encourage and induce an alien to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and will be in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv); all in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

Indictment (DE# 1 in Case No. 14-cr-80151-DMM) (some emphasis added). These counts charge the defendant with conspiracies which allegedly occurred during different time spans. Additionally, the substantive counts corresponding to each conspiracy count show that the three conspiracies involve different aliens. Accordingly, the defendant has not shown that the conspiracy counts in the Ungaro Case and in the Middlebrooks case are multiplicitous.

Additionally, even if the defendant were charged in multiple counts with the same conspiracy, the relief sought by the defendant – the dismissal of the conspiracy counts – is not proper. As noted in United States v. Smith, "[t]he principal danger in multiplicity is that [the] defendant will be given multiple sentences for the same offense. **A remedy is available at any time if [the] defendant is given multiple sentences**." 591 F.2d 1105, 1108 (5th Cir. 1979) (quoting 1 C. Wright, Federal Practice and Procedure, § 145, at 336 (1969)) (emphasis added). Here, the defendant has not been convicted and has not been sentenced in either case. "[S]hould the evidence at trial demonstrate that the charges were improperly multiplied, the trial court can still remedy any violation by consolidating the counts or requiring dismissal" and "even after a verdict, any error may be remedied by vacating multiplicitous convictions and any concurrent convictions based upon those convictions." United States v. Ford, No. 1:12-CR-297-TWT-ECS, 2013 WL

7

1337130, at *2 (N.D. Ga. Mar. 5, 2013), report and recommendation adopted, No. 1:12-CR-297-TWT, 2013 WL 1320739 (N.D. Ga. Mar. 29, 2013), aff'd, 784 F.3d 1386 (11th Cir. 2015). Additionally, any concerns about prejudice at trial can be addressed through proper jury instructions, if necessary. See United States v. Siegelman, No. 2:05 CR 119 MEF, 2006 WL 752951, at *3 (M.D. Ala. Mar. 22, 2006) ("recogniz[ing] the dangers inherent in a multiplicitous indictment," but noting that "[t]he court can also cure any defects in the indictment by offering appropriate instructions to the jury.").

In sum, the undersigned does not find that the conspiracy counts are multiplicitous. Alternatively, the defendant's motion to dismiss the conspiracy counts based on multiplicity should be denied at this stage of the proceedings because, even if the counts are multiplicitous, the remedy sought by the defendant is inappropriate at this juncture in the proceedings.

**b.   Charging the Defendant with the Conspiracy Counts and the Underlying Substantive Counts**

The defendant also argues that "counts 1 [and] 2 [in the Middlebrooks Case] charge violations of the same statute, Title 8, U.S.C., Section 1324(a)(1)(A)(iv), as do counts 3-24 and counts 25-46" and "[c]ounts 1-46 all involve one conspiracy and are therefore multiplicitous." Motion at 3. The defendant similarly argues that in the Ungaro Case, count 1 alleges the same conspiracy as in the Middlebrooks case and "counts 2-12 . . . charge violations of the same statute as contained in the conspiracy counts . . . and are therefore, multiplicitous." Id.

The undersigned rejects the underlying premise of the defendant's argument – that the conspiracy counts themselves charge the defendant with the underlying

substantive offense(s). The Eleventh Circuit has stated that:

> To establish a violation of § 1324(a)(1)(A)(iv), the government must prove beyond a reasonable doubt that the defendant "encourage[d] or induce[d] an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law." **It is also a crime to conspire to commit this substantive offense**. Id. § 1324(a)(1)(A)(v)(I).

United States v. Chkuaseli, 732 F. App'x 747, 753 (11th Cir. 2018) (emphasis added). A plain reading of the Indictments show that the reference to § 1324(a)(1)(A)(iv) in the conspiracy counts merely alerts the defendant to the underlying substantive charge which he is alleged to have conspired to commit. The Indictments then properly charge the defendant with the substantive offense(s) in separate counts. See Am. Tobacco Co. v. United States, 328 U.S. 781, 789 (1946) (stating that "[i]t long has been settled . . . that a conspiracy to commit a crime is a different offense from the crime that is the object of the conspiracy) (internal quotation marks omitted). The undersigned has already determined that the government properly charged three separate conspiracies. See discussion, supra. As such, these counts are not multiplicitous.

Additionally, to the extent the defendant is arguing that counts 2 through 11 in the Ungaro Case and counts 3 through 46 in the Middlebrooks Case are multiplicitous because they charge each alien as a separate count, that argument lacks merit. "When an indictment contains more than one count charging a violation of the same statute, [the Court's] inquiry concerns whether Congress intended the different acts underlying each count to constitute a separate offense." United States v. Fee, 491 F. App'x 151, 157 (11th Cir. 2012). In such instances, the Court must determine "the allowable unit of prosecution." United States v. Smith, 231 F.3d 800, 815 (11th Cir. 2000). Here, the

defendant was charged under Title 8, United States Code, Section 1324(a)(1)(A)(iv).

Subsection 1324(a)(1)(B) states that "[a] person who violates subparagraph (A) shall, **for each alien in respect to whom such a violation occurs** – [be subject to certain punishment.]" 8 U.S.C. § 1324(a)(1)(B)(emphasis added). Similarly, subsection 1324(a)(2)(B) states that:

> Any person who, knowing or in reckless disregard of the fact that an alien has not received prior official authorization to come to, enter, or reside in the United States, brings to or attempts to bring to the United States in any manner whatsoever, such alien, regardless of any official action which may later be taken with respect to such alien shall, **for each alien in respect to whom a violation of this paragraph occurs**- [be subject to certain punishment.]

8 U.S.C. § 1324(a)(2)(B) (emphasis added). Because the unit of prosecution for each offense is per alien, the defendant has not shown that the substantive counts are multiplicitous.

### c. Allegedly Charging Defendant with Multiple Counts for the Same Act (Counts 7 and 13) in the Ungaro Case

The defendant argues that counts 7 and 13 of the Ungaro Indictment are multiplicitous because they charge the defendant with encouraging and inducing an alien to enter the United States (count 7) and aiding and assisting certain aliens to enter the United States (count 13) concerning the same alien, Juan Alexander Viana-Patino. Motion at 3.

The government responds that "[w]hile both offenses are predicated on the same act, arranging for the smuggling of the alien into the United States, the offenses have different elements." Response at 4. The government notes that "[a]lthough to '[e]ncourage and induce' and to 'aid and assist' are similar acts and both are satisfied by

the Defendant's conduct in this case . . . they are not coextensive." Id. at 4-5. The

government also notes that count 13,[4] "requires the smuggled alien be inadmissible due

to conviction of an aggravated felony." Id. at 5. Lastly, the government states that,

although disfavored, the government may still proceed to trial on a multiplicitous

indictment and the proper remedy would be to punish the defendant only one time if the

jury returns a guilty verdict on both counts. Id. at 5-6. Thus, the government argues that

the dismissal of the indictment would not be appropriate. Id. at 6.

The undersigned finds that the Indictment is not multiplicitous as to count 7 and

count 13. If the same act violates two distinct statutory provisions, the test to determine

whether there are multiple offenses is whether each statutory provision requires proof of

a fact that the other does not. See Blockburger v. United States, 284 U.S. 299, 301

(1932); see also United States v. Williams, 527 F.3d 1235, 1241 (11th Cir. 2008) (stating

that the test in Blockburger is whether "each count requires an element of proof that the

other counts do not require.").[5]

"A defendant is guilty of violating § 1327 if that person (1) knowingly aided or

assisted an alien to enter the United States; (2) knew that the alien was inadmissible;

---

[4] The government mistakenly refers to this count as count 14 of the Indictment in the Ungaro Case. See Response at 4. However, count 14 in the Ungaro Case pertains only to co-defendant Juan Alexander Viana-Patino.

[5] "If Congress's intent is unclear based upon the plain language of the statutes, a court should 'apply the "same elements" test established in Blockburger[.]' After comparing the statutes in accordance with Blockburger, a court should examine the legislative history of the statutes." United States v. Priester, No. 3:08-CR-291-J-32JRK, 2008 WL 5246375, at *3 (M.D. Fla. Dec. 16, 2008) (quoting United States v. Smith, 532 F.3d 1125, 1128 (11th Cir. 2008)). Here, the parties did not address the legislative history of the statutes.

and (3) the alien was inadmissible under 8 U.S.C. § 1182(a)(2) for having been convicted of an aggravated felony." United States v. Chand, 622 F. App'x 780, 782 (11th Cir. 2015) (citing 8 U.S.C. § 1327). "To establish [a] violation[ ] of § 1324(a)(1)(A)(iv) . . . the government must prove beyond a reasonable doubt that the defendant 'encourag[ed] or induc[ed] an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law[.]'" United States v. Lopez, 590 F.3d 1238, 1248 (11th Cir. 2009) (quoting 8 U.S.C. § 1324(a)(1)(A)(iv)). Here, to obtain a conviction under count 7, the government must prove that the defendant "encourag[ed] or induc[ed]" Mr. Viana-Patino "to, enter, or reside in the United States." To obtain a conviction under count 13, the government must prove that the defendant "aided or assisted" Mr. Viana-Patino to enter the United States and that Mr. Viana-Patino was inadmissible to the United States due to an aggravated felony conviction. 8 U.S.C. § 1327. Accordingly, counts 7 and 13 are not multiplicitous.

Additionally, and for the reasons discussed above, even if, arguendo, counts 7 and 13 were multiplicitous, at this juncture in the proceedings, the proper remedy is not the dismissal of these counts.

>   **d.   Allegedly Charging Defendant with Multiple Counts for the Same Act (Counts 10, 32 and 47) in the Middlebrooks Case**

The defendant also argues that counts 10, 32 and 47 in the Middlebrooks Case are multiplicitous because they charge the defendant with encouraging and inducing an alien to enter the United States (count 10), bringing/attempting to bring an alien into the

12

United States for commercial advantage or financial gain (count 32) and aiding and assisting certain aliens to enter the United States (count 47) as to the same alien, Steve Anthony Rittie.

The government maintains that counts 10, 32 and 47 are not multiplicitous:

> While all three offenses are predicated on the same act, arranging for the smuggling of the alien into the United States, the offenses have different elements. Although to "encourage and induce," to "aid and assist," and to "bring" an alien are similar acts and all are satisfied by the Defendant's conduct in this case, they are not coextensive. 8 U.S.C. § 1327 also requires the smuggled alien be inadmissible due to conviction of an aggravated felony. 8 U.S.C. § 1324(a)(2)(B)(ii) requires private financial or commercial gain.

Response at 5. Additionally, the government argues that although disfavored, the government may still proceed to trial on a multiplicitous indictment and the proper remedy would be to punish the defendant only one time if the jury returns a guilty verdict on these counts. Id. The government states that there would be no prejudice to the defendant in proceeding to trial on all three counts because the evidence presented at trial will be the same for all three counts. Id. at 6.

The undersigned concludes that counts 10, 32 and 47 are not multiplicitous. To obtain a conviction under 8 U.S.C. § 1324(a)(1)(A)(iv) (count 10), "the government must prove that Defendant[ ] encouraged or induced 'an alien to . . . reside in the United States, knowing or in reckless disregard of the fact that such . . . residence is or will be in violation of law." United States v. Maughon, No. 1:11-CR-028-TWT-ECS, 2011 WL 3489973, at *3 (N.D. Ga. June 21, 2011), report and recommendation adopted, No. 1:11-CR-28-TWT, 2011 WL 3489948 (N.D. Ga. Aug. 9, 2011) (citing 8 U.S.C. § 1324(a)(1)(A)(iv)). To obtain a conviction under § 1324(a)(2)(B)(ii) (count 32), the

13

government must prove that the defendant: "(1) knowingly brought an alien into the United States, (2) knew, or recklessly disregarded the fact, that the alien did not have official authorization to enter the United States, and (3) acted for the purpose of commercial advantage or private financial gain." United States v. Hepburn, 713 F. App'x 958, 961 (11th Cir. 2017). Thus, § 1324(a)(1)(A)(iv) and § 1324(a)(2)(B)(ii) require proof of different elements. Additionally, as to count 47, "[a] defendant is guilty of violating § 1327 if that person (1) knowingly aided or assisted an alien to enter the United States; (2) knew that the alien was inadmissible; and (3) the alien was inadmissible under 8 U.S.C. § 1182(a)(2) for having been convicted of an aggravated felony." Chand, 622 F. App'x at 782 (citing 8 U.S.C. § 1327). In sum, all three counts require proof of an element the other counts do not. Therefore, counts 10, 32 and 47 are not multiplicitous.[6]

Additionally, even assuming, arguendo, that the defendant has established multiplicity, at this juncture in the proceedings, the appropriate remedy is not the dismissal of these counts. See Discussion, supra.

**2.     Duplicity**

The defendant also argues that the Indictments in the Ungaro Case and in the Middlebrooks Case are defective because they are duplicitous. See Motion at 4-5. "Duplicity is the joining in a single count of two or more separate offenses." United

---

[6] Again, the undersigned notes that the parties have not addressed the legislative history of the pertinent statutes which is relevant to the Court's analysis. See United States v. Moore, 43 F.3d 568, 573 (11th Cir. 1994) (explaining that "[t]he Blockburger test . . . is a rule of statutory construction and is not controlling when Congress clearly indicates, on the face of the statute or through legislative history, an intent to impose cumulative punishments."). Because neither party has addressed the legislative history of these statutes, the undersigned will assume that nothing in the legislative history establishes congressional intent to impose cumulative punishments.

States v. Chrane, 529 F.2d 1236, 1237 n. 3 (5th Cir. 1976). "A duplicitous count poses three dangers: '(1) A jury may convict a defendant without unanimously agreeing on the same offense; (2) A defendant may be prejudiced in a subsequent double jeopardy defense; and (3) A court may have difficulty determining the admissibility of evidence.' " United States v. Schlei, 122 F.3d 944 (11th Cir. 1997) (quoting United States v. Wiles, 102 F.3d 1043, 1061 (10th Cir. 1996)).

      a.      **Conspiracy Counts (Count 1 in Ungaro Case and Counts 1 and 2 in Middlebrooks Case)**

The defendant argues that the conspiracy counts (count 1 in the Ungaro Case and counts 1 and 2 in the Middlebrooks Case) are duplicitous because they "charge multiple violations in each count." Motion at 4. According to the defendant, the conspiracy counts in the Ungaro Case and in the Middlebrooks Case charge the defendant with "violating Title 8, U.S.C., Section 1324(a)(1)(A)(iv) and 1324(a)(1)(A)(v)(I). " Id.

The government responds that:

> The conspiracy count [in the Ungaro Case] does not allege violations of two offenses. It charges the Defendant with one offense, conspiracy in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). It also alleges, as it must, that the offense the Defendant conspired to violate was 8 U.S.C. § 1324(a)(1)(A)(iv). The underlying substantive offenses of encouraging and inducing aliens to enter the United States are charged separately in [other] counts . . . .

Response at 8. The government makes the same argument for the conspiracy counts alleged in the Middlebrooks Case. See Response in Middlebrooks Case at 9.

The conspiracy counts are not duplicitous. As discussed above, conspiracy to commit a crime is different from the substantive offense that is the object of the

15

conspiracy. See Am. Tobacco Co. v. United States, 328 U.S. 781, 789 (1946) (stating that "[i]t long has been settled . . . that a conspiracy to commit a crime is a different offense from the crime that is the object of the conspiracy) (internal quotation marks omitted); United States v. Nims, 524 F.2d 123, 126 (5th Cir. 1975) (stating that "[t]he essence of the crime of conspiracy is the agreement rather than the commission of the objective substantive crime. Conspiring to commit a crime is an offense separate and distinct from the crime which may be the object of the conspiracy."). Accordingly, the undersigned finds that count 1 in the Ungaro Case and counts 1 and 2 in the Middlebrooks Case are not duplicitous.

> **b.** **Encouraging and Inducing an Alien to Enter the United States (Counts 2-12 in the Ungaro Case)**

The defendant argues that counts 2 through 12 in the Ungaro case improperly charge him with "violations of Title 8, U.S.C., Section 1324 (a)(1)(A)(iv); and Title 18, U.S.C., Section 2." Motion at 4. The government responds that "aiding and abetting is not a separate Federal offense," as such, "[t]he counts are not duplicitous." Response at 9.

The undersigned finds that counts 2 through 12 in the Ungaro Case are not duplicitous. The reference to Title 18, United States Code, Section 2 in these counts only clarifies that the defendant may be found guilty as a principal for aiding or procuring someone else to commit the offense. As the Eleventh Circuit has noted, "Title 18 U.S.C. § 2 makes punishable as a principal one who aids or abets the commission of a crime. Aiding and abetting under this statute is not a separate crime but is inherently embodied in all indictments for substantive offenses." United States v. Stitzer, 785 F.2d 1506, 1519

16

n. 7 (11th Cir. 1986). Accordingly, the undersigned concludes that these counts are not duplicitous.

### c.   Bringing/Attempting to Bring an Alien into the United States for Commercial Advantage or Financial Gain (Counts 25-46 in Middlebrooks Case)

The defendant argues that counts 25-46 in the Middlebrooks Case are duplicitous because they charge the defendant with violations of Title 8, U.S.C., Section 1324(a)(2)(B)(ii) and Title 18, U.S.C., Section 2. See Motion at 4.

The undersigned finds that counts 25-46 in the Middlebrooks Case are not duplicitous. The reference to Title 18, United States Code, Section 2 in these counts only clarifies that the defendant may be found guilty as a principal for aiding or procuring someone else to commit the offense. See United States v. Martin, 747 F.2d 1404, 1407 (11th Cir. 1984) (noting that 18 U.S.C. § 2 "does not establish a separate crime of aiding and abetting . . . but rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense.") (citation and internal quotation marks omitted). Accordingly, the undersigned concludes that these counts are not duplicitous.

### d.   Encouraging and Inducing an Alien to Enter the United States (Counts 3-24 in the Middlebrooks Case)

The defendant argues that counts 3 through 24 in the Middlebrooks Case are duplicitous because they improperly charge him with "violations of Title 8, U.S.C., Section 1324 (a)(1)(A)(iv); Title 8, U.S.C., Section 1324 (v)(II) and Title 18, U.S.C., Section 2."

As noted above, the reference to Title 18, United States Code, Section 2 in these

counts is not a separate charge, but only serves to clarify that the defendant may be found guilty as a principal for aiding or procuring someone else to commit the offense. See Martin, 747 F.2d at 1407. Additionally, as in the case of Title 18, United States Code, Section 2, the reference to 1324(a)(1)(A)(v)(II) does not render these counts duplicitous. "[Section] 1324(a)(1)(A)(v)(II) criminalizes aiding or abetting the commission of any of the preceding acts in subsection 1324(a)(1)(A), including . . . 1324(a)(1)(A)(iv)." United States v. Lopez, 590 F.3d 1238, 1251 (11th Cir. 2009). Accordingly, the undersigned concludes that these counts are not duplicitous.

e.     **Aiding and Assisting Certain Aliens to Enter the United States  (Count 13 in the Ungaro Case and Count 47 in the Middlebrooks Case)**

The defendant further argues that count 13 in the Ungaro Case and count 47 in the Middlebrooks Case improperly charge him with "violations of Title 8, U.S.C., Section 1327 as well as Title 18, U.S.C., Section 2." Motion at 4.

For the same reasons as stated above, the reference to Title 18, United States Code, Section 2 in these counts merely clarifies that the defendant may be found guilty as a principal for aiding or procuring someone else to commit the offense. See Martin, 747 F.2d at 1407. Accordingly, these counts are not duplicitous.

f.     **Count 14 in the Ungaro Case**

The defendant also argues that count 14 in the Ungaro case is duplicitous. Motion at 4-5.  Count 14 states in its entirety:

On or about September 19, 2013, in Palm Beach County, in the Southern District of Florida, the defendant,

**JUAN ALEXANDER VIANA-PATINO,
a/k/a "Juan Alexander Viena-Patino,"**

18

**a/k/a "Juan Viana,"**
**a/k/a "Alex Patino,"**

an alien, having previously been removed and deported from the United States on or about May 1, 2012, was found to be in the United States, knowingly and unlawfully, without the Attorney General of the United States or his successor, the Secretary of Homeland Security (Title 6, United States Code, Sections 202(3), 202(4), and 557) having expressly consented to such alien's reapplying for admission to the United States, in violation of Title 8, United States Code, Section 1326(a) and (b)(2).

Indictment at 3. Because count 14 only charges the co-defendant Juan Alexander Viana-Patino, the defendant does not have standing to raise any defects in the Indictment as to this count. See, e.g., United States v. Sims, 845 F.2d 1564, 1568 (11th Cir. 1988) (on alleged Sixth Amendment violation noting that "[t]his circuit has held that defendants do not have standing to assert in their own defense the denial of constitutional rights to others.").

**3.      Sufficiency of the Conspiracy Counts**

The defendant argues that the conspiracy counts in the Ungaro Case and in the Middlebrooks Case are defective because "they do not identify the defendant's co-conspirators and are therefore missing the necessary elements of the offense." Motion at 5.[7]

The government responds that "it is not necessary for the government to allege or prove the identity of co-conspirators in a conspiracy." Response at 6 (citing United States v. Williams, 977 F.2d 575 (4th Cir. 1991)). Additionally, the government notes that the Indictment in the Ungaro case identifies one co-conspirator, Andy Robert Johnson,

---

[7] Count 1 in the Ungaro Case does identify one co-conspirator, co-defendant Andy Robert Johnson. See Indictment at 1-2.

and advises the defendant of the approximate date of the conspiracy, "[b]eginning at least as early as in or around September 2013, the exact date being unknown to the Grand Jury, through on or about September 19, 2013." Id. at 7 (quoting Indictment). With respect to the conspiracy counts in the Middlebrooks Case, the government notes that "both counts . . . allege a specific and narrow time span." Response at 7.

The defendant is not entitled to the dismissal of the conspiracy counts on this ground. The Eleventh Circuit has stated that "[t]he sufficiency of a criminal indictment is determined from its face. The indictment is sufficient if it charges in the language of the statute." United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992). "To pass constitutional scrutiny, an indictment must be sufficiently specific to inform the defendant of the charge against him and to enable him to plead double jeopardy in any future prosecution for the same offense. . . . An indictment satisfies these requirements as long as the language therein sets forth the essential elements of the crime." United States v. Cole, 755 F.2d 748, 759 (11th Cir. 1985). The undersigned finds that the conspiracy counts track the language of section 1324(a)(1)(A)(v)(I) and provide sufficient facts. Accordingly, the conspiracy counts should not be dismissed on this ground.

**4.     Failure to Specify Whether Defendant is being Charged with violating Title 18, United States Code, Section 2(a) or (b)**

The defendant maintains that counts 2 through 13 in the Ungaro Case and counts 3 through 47 in the Middlebrooks Case are defective because they charge the defendant with violating Title 18, United States Code, Section 2, but do not specify which subsection, (a) or (b), is being charged. Motion at 5-6.

The government maintains that these counts are not defective. Response at 8.

20

The government notes that section 2 "defines who is punishable as a principal." Id. The government further states that "[a]iding and abetting is not a separate Federal crime" and "[t]he Defendant offers no case law or other legal authority for the proposition that a specific subsection of 18 U.S.C. § 2 must be alleged in the indictment." Id. at 9.

In United States v. Germany, the defendant raised the same argument raised by the defendant here, that an indictment was defective because it failed to specify which subsection of 18 U.S.C. § 2 the government was seeking to invoke. 296 F. App'x 852, 862-63 (11th Cir. 2008). The Eleventh Circuit rejected this argument noting that "a defendant can be convicted under § 2 even when the statute itself is not mentioned in the indictment." Id. (citing United States v. Hornaday, 392 F.3d 1306, 1311–12 (11th Cir. 2004)). Similarly here, counts 2 through 13 in the Ungaro Case and counts 3 through 47 in the Middlebrooks Case are not defective on this ground.

## RECOMMENDATION

In accordance with the foregoing, the undersigned respectfully recommends that the Amended Motion to Dismiss Indictment with Prejudice (DE# 94 in Case No. 13-cr-80201-UU, DE# 33 in Case No. 14-cr-80151-DMM, 10/7/18) be **DENIED**.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Ursula Ungaro or the Honorable Donald M. Middlebrooks, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained

in this Report except upon grounds of plain error if necessary in the interest of justice.

See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v.

Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

     RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida

this **27th** day of November, 2018.

_____
JOHN  J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE